**Freda Larson SCHWARTZ, Executrix of the Estate of Frank George Schwartz, Deceased, Plaintiff-Appellant,**

v.

**NORTHWEST AIRLINES, INC., Defendant-Appellee.**

**No. 241, Docket 25829.**

United States Court of Appeals
Second Circuit.

Argued March 9, 1960.

Decided March 21, 1960.

Donald S. Sherwood, New York City (Jerome Golenbock, New York City, on the brief), for plaintiff-appellant.

John G. Reilly, New York City (Bigham, Englar, Jones & Houston and Robert F. Ewald, New York City, on the brief), for defendant-appellee.

Before CLARK, WATERMAN, and LEWIS,* Circuit Judges.

PER CURIAM.

■ In the first trial of this death damage action, Judge Dimock set aside a special verdict for defendant because of improper comments by defendant's counsel in summation. In the second trial before Judge Murphy, the issues involving the claimed negligence of defendant, alleged to have been the proximate cause of the death of plaintiff's testate in an airplane accident, were submitted to a jury which rendered a general verdict for the defendant. Plaintiff's appeal from the resulting judgment against her asserted certain errors in the judge's charge and a prejudicial summation on the part of defense counsel. As to the latter, while counsel's argument might perhaps have been in better taste, yet we are not convinced that it contained matter likely to mislead the jury or to prevent a fair verdict. In arguing to a jury, counsel must properly have some latitude so long as prejudice does not appear. As to the former, the criticisms of the charge as to various textual details do not add up to a showing of error, since the charge as a whole constituted a fair submission to the jury of the essential issues in the action.

■ The defendant has taken a protective appeal to assert error in the earlier mistrial directed by Judge Dimock. This becomes moot in view of our conclusion as to the fairness of the second trial. But in view of the result, we think we should direct, as we do, that no costs be taxed on this appeal in favor of either party.

Judgment affirmed.

* Of the Tenth Circuit, sitting by designation.